David **MUSGROVE**, Jennifer Musgrove, and Dianna Narciso, Plaintiffs,

v.

**SCHOOL BOARD OF BREVARD COUNTY, et al., Defendants.**

Case no. 6:05–cv–747–ORl–22JGG.

United States District Court, M.D. Florida, Orlando Division.

May 18, 2005.

Mark Tietig, Merritt Island, FL, Richard Katskee, Washington, DC, Ayesha Khan, Alex Luchenitser, for Plaintiffs.

Michael H. Bowling, Harold T. Bistline, Stromire, Bistline, Miniclier & Griffith, Cocoa, FL, for Defendants.

Transcript of Plaintiffs' Motion for Temporary Restraining Order

GREGORY A. PRESNELL, District Judge.

PROCEEDINGS

Ultimately, this is Judge Conway's case, but she's not here, and so I have to

make at least a temporary ruling. As you all know, but as I will state for others here in the courtroom and who might be interested in this proceeding, in order to grant preliminary injunctive relief, particularly a temporary restraining order, in which we've had less than 24 hours' notice, there are four prongs or elements that need to be established in order for the relief to be granted. The first is that the Plaintiffs have established a substantial likelihood of success on the merits.

■ With respect to that first prong, my observation, based on my limited review of the case thus far, is that this is likely a violation of the Establishment Clause of the First Amendment to the United States Constitution. I don't think the fact that the Establishment Clause appears in the First Amendment to the Bill of Rights is a coincidence. It was put there by the founding fathers because of its overriding importance that we separate our secular affairs from our religious affairs. And to hold a graduation ceremony—four graduation ceremonies in a religious institution that has displayed a giant cross is, in my view, contrary to Supreme Court precedent; and I would think that the Defendants, as professional educators, and their counsel who specialize in these matters would be aware of that. So I find the Defendants' conduct to be questionable, at best, in regard to the likelihood of success on the merits.

■ The second prong is the irreparable injury prong, that is, whether irreparable injury will occur unless the injunction issues. The courts in First Amendment cases have indicated that irreparable harm is, in essence, presumed in situations such as this, at least in regard to free speech issues, and I suspect the same rationale would be extended in an establishment religious context, because these Plaintiffs, you know, who will be deprived of attending a secular graduation ceremony, will never be able to recapture that moment. If they go, their rights are violated. If they don't go, they've been forced, in essence, to forego their right to attend a graduation ceremony that is not tainted with constitutional overtones.

■ The third prong of the analysis is whether the threat and injury to the movant outweighs whatever damage the proposed injunction would cause the opposing party. Well, here, the Plaintiffs will be harmed irreparably, for the reasons I just indicated. The Defendants themselves would suffer little harm. The only harm I can see, basically, is the administrative inconvenience of having to rearrange four graduation ceremonies to be held at a more appropriate venue. So I think balancing of the harm also weighs in favor of the Plaintiffs in this case.

■ The fourth prong is the public interest, that is, whether the injunction would be adverse to the public interest. In most temporary injunction settings—and I have participated in scores—the critical issue is usually likelihood of success on the merits or irreparable injury. This case is different, it seems to me. In this case the fourth prong, or the public interest prong, is the one that weighs most heavily on the Court because, as indicated, I think that the delay in bringing this proceeding has in essence caused the emergency itself and has handcuffed the Court in not allowing the Court a sufficient opportunity to fashion an appropriate relief.

The public, of course, has an interest in upholding the constitutional rights of its citizens. Individual citizens have a right, as members of the public, to be free from deprivation of their constitutional rights. But the high school students of Brevard County, their families and friends, also have rights that are involved in this pro-

ceeding; and they are kind of the non-aligned interested persons in this, in a sense, innocent victims, I suppose, of the decision made by the School Board or the action taken by the School Board to hold these ceremonies in front of a Christian cross.

So what we have in the final analysis here is a conflict between the rights of all the innocent students, parents and friends who want to attend a graduation ceremony that's been scheduled for months, on the one hand, without interruption and indeed without cancellation because, based on the record before me, I can't imagine how these ceremonies could be rearranged at a backup facility on 24 hours' notice. That just seems virtually impossible at this late stage. So we have the rights of all those people versus the constitutional rights of the Plaintiffs; and because I think the Plaintiffs, in essence, aggravated this situation by waiting until the last minute to file this action or particularly the temporary restraining order aspect of it, I think the fourth prong strongly weighs against the Plaintiffs and weighs against the Plaintiffs sufficiently to overcome the first three factors, which frankly I think favor the Plaintiffs.

So its the Court's ruling that the Temporary Restraining Order is denied and the graduation ceremonies can go on as scheduled. In saying that, though, I want to make it clear that I don't condone or necessarily approve of the School Board's decision, because it seems clear to me, at least, that a secular facility without these religious icons should have been chosen in order to protect the rights of everyone and make sure that we maintain a separation of church and state, which has allowed religion in this country to flourish, unlike many other countries, including western civilizations that have a state religion.

So, for those reasons, I'm going to deny the Motion. The lawsuit itself can of course proceed. It remains to be seen what will be the result of the merits of the case; but in terms of temporary relief, I simply don't have a remedy available to me that's consistent with the public interest.

So, having said that, I don't have time to give you a written opinion. So if you want to take this up with the Eleventh Circuit, you'll need to talk to my court reporter, and my rambling comments from the bench will be the best record that you've got.

Anything else, Ms. Khan, from you?

MS. KHAN: No, Your Honor.

THE COURT: Thank you.

(Proceedings were terminated at 3:40 p.m.)

---

Reporter's Certification

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.